IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,514-01






EX PARTE JAKE RANDALL FOX, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. L-06-0039-CR-B IN THE 156th DISTRICT COURT


FROM LIVE OAK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to five years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel erroneously promised him
that he would receive shock probation in exchange for his plea of guilty. The record in this cause
reflects that the trial court agreed, at the plea hearing, that a motion for shock probation would be
looked upon favorably should the Applicant successfully complete his initial entry period in the
prison system, and it also reflects that counsel agreed to file the motion for shock probation. 
However, it is unclear from the record what specific statements were made by counsel when he
advised the Applicant, and whether any motion for shock probation was ever filed and, if so, why
it was denied. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 6, 2007

Do not publish